FILED
8/3/2023 5:43 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-23-04983-E

**Case No. _____**

| | | |
|---|---|---|
| | **:** | **In the County Court at Law** |
| **DANIEL BRYANT** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **No. _____** |
| | **:** | |
| **Chattanooga Police Department,** | | |
| **Coty Wamp, and  Hamilton County District** | | |
| **Attorney's Office** | **:** | |
| | **:** | |
| **Defendants** | **:** | **Dallas County, Texas** |

## PLAINTIFF'S PETITION AND APPLICATION  FOR  TEMPORARY  AND PERMANENT INJUNCTION
## AND APPLICATION  FOR  TEMPORARY  RESTRAINING  ORDER AND REQUEST FOR DISCLOSURES

To the Honorable Court:

Comes Now, Daniel Bryant (herein referred to as "Plaintiff" or "Smith"), Plaintiff  and files this PLAINTIFF'S ORIGINAL PETITION AND APPLICATION  FOR  TEMPORARY AND  PERMANENT  INJUNCTION  AND  APPLICATION  FOR  TEMPORARY RESTRAINING  ORDER AND REQUEST FOR DISCLOSURES complaining of  Chattanooga Police Department, Coty Wamp and the  Hamilton County's District Attorney's Office (herein referred to as "Defendants") and would respectfully show unto the Court as follows:

### DISCOVERY  CONTROL  PLAN.

1.      The nature of this cause is such that discovery should be conducted under Discovery Control Plan - Level 2, pursuant to Tex.R.Civ.P. 190.2.

### PARTIES



EXHIBIT

1

_____

1

2.      Plaintiff Daniel Bryant is an individual residing in Dallas, County.

3.      Defendant  Chattanooga Police Department may be served by serving Celeste Murphy at 3410 Amnicola Hwy. Chattanooga, TN 37406.

4.      Defendant Coty Wamp is an individual and may be served at 600 Market St Suite 310, Chattanooga, TN 37402.

5.      Defendant Hamilton County's District Attorney's Office may be served at 600 Market St Suite 310, Chattanooga, TN 37402.

## Jurisdiction and Venue.

6.      This Court has jurisdiction over Defendants. Further, such Plaintiff as a result of the Defendant's torts as set forth herein below, has suffered damages in whole or in part in Dallas County, Texas.

7.      Venue is mandatory in Dallas County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrance on real property intended for lawful use in Dallas County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(l ) as Dallas County is where all or a substantial part of the events or omissions occurred, including the conversion as described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences. Plaintiff seeks monetary relief over $100,000.00  and non-monetary relief; and a demand for judgment for all other relief to which the party deems herself entitled.

## Statement of Facts

8.     On or about April 5, 2019 an officer of the Chattanooga Police Department seized $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible (hereinafter, "Property") that was and is the property of Mr. Daniel Bryant.

9.     Following the dismissal of the fictious  criminal charges raised against Mr. Bryant, on February 3, 2022 Judge Barry Steelman of the Criminal Court of Hamilton County, Tennessee, Division 1 ordered the return of the Property to Mr. Daniel Bryant. See Order attached as Exhibit A which has been incorporated herein.

10.     Despite Judge Steelman's order and without any lawful authority, the subject Property is still held jointly under the control and possession of the Chattanooga Police Department, Coty Wamp and/or the Hamilton County's District Attorney's Office.

11.     On April 4, 2023 and April 13, 2023, by and through his counsel, Mr. Bryant sent letters to both Coty Wamp and the Chattanooga Police Department demanding the return of the subject Property. Mr. Bryant nor Mr. Bryant's counsel have been contacted regarding the returning of the subject property. See letters attached as Exhibit B which has been incorporated herein.

12.     As of the filing of this petition and application for temporary and permanent injunction, the subject property is still in the possession and under the control of the Chattanooga Police Department and  Coty Wamp,  the Hamilton County's District Attorney's Office, and Judge Barry Steelman, Presiding Judge of the Criminal Court of Hamilton County, Tennessee, Division 1.

13.     As a direct and proximate result of the Defendants actions, Plaintiff has suffered damages.

14.     As of the filing of this lawsuit, no criminal charges are pending against the Plaintiff. In fact, all criminal charges against the Plaintiff have been dismissed which is what necessitated

the Order for the return of the Subject Property. See Dismissal Judgment and Order for the Expungement of Criminal Offender Record attached as Exhibit C which has been incorporated herein.

15.     At the time of filing of this petition, payment for the just amount owed has not been tendered nor has any of the property been returned. As a result of Defendants failure and refusal to return the subject property as ordered, Plaintiff has been required to retain the undersigned legal counsel to institute and prosecute this suit.

## Causes of Action

## A. CONVERSION

16.     Plaintiff re-alleges and incorporates all previous paragraphs above as if fully set forth herein.

17.     In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, upon information and belief, Defendants are liable to the Plaintiff for conversion.

18.     The Plaintiff owned, possessed, or had the right of immediate possession of the $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible ("property"). The Defendant wrongfully exercised dominion or control over the property to the exclusion of and inconsistent with the Plaintiff's rights.   The Plaintiff through its legal counsel demanded return of the aforementioned property.  The Defendants failed to return property.

## B. Civil Theft – Theft Liability Act

4

19.     Plaintiff re-alleges and incorporates all previous paragraphs above as if fully set forth herein.

20.     Plaintiff had a possessory right to the Subject Property owned by the Plaintiff which includes, but is not limited to, $199,000.00, 2011 Lexus, 1970 Buick Electra Convertible for which the Plaintiff lawfully possessed.

21.     Defendants have unlawfully appropriated and stole the Plaintiff's Property pursuant to the Texas Penal Code § 31.03 with the intent to deprive the Plaintiff of the property.

22.     The Plaintiff sustained damages as a result of the theft.

**C. Civil Conspiracy**

23.      Plaintiff re-alleges and incorporates all previous paragraphs above as if fully set forth herein.

24.     All Defendants conspired for the objective of accomplishing obtaining money from the Plaintiff by the unlawful means of making false statements against the Plaintiff.

25.     The Defendants had a meeting of the minds on the objective and course of actions.

26.     The Plaintiff suffered injury as a result of the wrongful act

**Conditions Precedent**

27.     Plaintiffs re-alleges and incorporates all previous paragraphs above as if fully set forth herein.

28.     All conditions precedent to recover on each of the causes of action alleged have occurred.

**D. Application Temporary Injunction**

29.     Plaintiffs re-alleges and incorporates all previous paragraphs above as if fully set forth herein.

30.     In order to preserve the status quo and the rights of the Plaintiff with respect to the property during the pendency of this action, Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office,  should be cited to appear and show cause why it should not be temporarily enjoined, during the pendency of this action.

31.     Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, are engaging in conduct that is causing irreparable harm to the Plaintiff's ownership of the $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible. The subject property in currently in possession of the Defendants and/or the Defendants' employer in Tennessee. The Defendants have not returned the subject property to the Plaintiff and intends to spend, sell and/or destroy the subject property.   There are no mechanisms in place that will prevent Defendants from spending, transferring, destroying, selling or wasting the subject property. Further, the cash is at risk of being spent, destroyed or lost by the Defendants who havs the cash in their possession and could severely impede the Plaintiff from being able to spend the cash as he sees fit.

32.     Plaintiff has been and will continue to be irreparably damaged and injured by the Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office's conduct as long as they have possession of the subject property and Plaintiff has no adequate remedy at law for the injuries just described.

33.     It is essential that the Court immediately and temporarily restrain Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office from spending, wasting, destroying or transferring ownership or possession of the

$199,000.00, 2011 Lexus and 1970 Buick Electra Convertible  to any third party. Plaintiff is willing to post a bond, as required by the Court, and request that any bond set be minimal considering the status of all the parties and issues before the Court and the fact that the Plaintiff has already lost $199,000.00 at the hands of the Defendants.

34.    For these reasons, Plaintiff request that a temporary restraining order be issued retaining Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton  County's District Attorney's Office,  or anyone he behalf of Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton  County's District Attorney's Office,:

1)    Spending, wasting, destroying or transferring ownership or possession  of the cash in the amount of $199,000.00, the 2011 Lexus and the 1970 Buick Electra Convertible which is subject to the February 3, 2022 Order issued by Judge Barry Steelman to a third party;

2)    Removing or transporting subject property from Tennessee except for the sole purpose of returning the property to Plaintiff's undersigned counsel;

3)    Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to return the cash in the amount of $199,000.00, 2011 Lexus, 1970 Buick Electra Convertible to Plaintiff  Daniel Bryant until this matter is fully litigated;

4)    Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to inform Plaintiff of the current location of cash and vehicles and update Plaintiff at least twenty four (24) hours before transporting the cash and vehicles to another location.

35. Intervenors request that after a trial on the merits, this Court permanently enjoin the parties.

### E. Request for Disclosures

36. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Texas Rule of Civil Procedure 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, be cited to appear and answer, and the following orders be entered:

1. That a temporary injunction order be issued restraining Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, their agents, servants, officers, directors, employees, representatives, and attorneys from taking the actions set forth in the above paragraphs;

2. That Defendants be cited to appear and show cause, and that upon such hearing, a Temporary Injunction be issued enjoining Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton  County's District Attorney's Office, their agents, servants, officers, directors, employees, representatives, and attorneys from taking the actions set forth above; and

3. Judgment against Defendants for actual damages sustained by Plaintiff;

4. Judgment against Defendants for punitive damages in an amount to be determined by the trier of fact;

5. Judgment for Plaintiff to recover his reasonable and necessary attorneys' fees for bringing this case to trial and judgment, as well as a conditional award in the event of an appeal;

6.  Mental anguish;

7.  Judgment for both pre-judgment interest and post-judgment interest at the maximum

    interest rate allowed by law;

8.  Judgment for costs of Court;  and

9.  Judgment for such other and further relief to which Plaintiff may be justly entitled.

> Respectfully Submitted,
> /*s/Walter Musgrove*
> **Walter F. Musgrove  III**
> */s/Bret Schmidt*
> Bret Schmidt
> State Bar I.D. No. 24075514
> PO Box 132274
> Dallas, Texas 75313
> (214) 516-9769 Office
> (972) 364-1235 FAX
> walter@musgrovelawfirm.com
>
> ATTORNEYS     FOR     THE
> PLAINTIFF

**Case No. _____**

|  |  |  |
|---|---|---|
| | **:** | **In the County Court at Law** |
| **DANIEL BRYANT** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **No. _____** |
| | **:** | |
| **Chattanooga Police Department,** | | |
| **Coty Wamp, and  Hamilton County District** | | |
| **Attorney's Office** | **:** | |
| | **:** | |
| **_____Defendants_____** | **:** | **Dallas County, Texas** |

## Affidavit of Daniel Bryant

STATE OF TEXAS

COUNTY OF DALLAS

    Daniel Bryant appeared in person before me today and stated under oath:

1. "My name is Daniel Bryant and I am the Plaintiff in this lawsuit.  I am above the age of eighteen years, and I am fully competent to make this affidavit.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I have read the Original Petition and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order and affirm the statements therein are true and correct.

3. On or about April 5, 2019 the Chattanooga Police Department seized $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible (hereinafter, "Property") that was and is my property.

4. Without any justification, the State of Tennessee charged me with Aggravated Kidnapping. Upon completion of their investigation, the Hamilton County District Attorney's Office filed a Motion to Dismiss the charges they filed against me.

5. On August 9, 2022, Judge Barry Steelman granted the State of Tennessee's Motion to Dismiss and the bogus criminal charges the State of Tennessee filed against me were dismissed.

6. On February 3, 2022 Judge Barry Steelman ordered the return of my property to me. See attached Exhibit A which has been incorporated herein.

7. Despite Judge Steelman's order and without any lawful authority, the subject Property is held jointly under the control and possession of the Chattanooga Police Department and Coty Wamp, and the Hamilton County's District Attorney's Office.

8. On April 4, 2023 and April 13, 2023, by and through my counsel, I sent letters to both Coty Wamp and the Chattanooga Police Department demanding the return of the subject Property. Me nor my counsel have been contacted regarding the returning of the subject property.

9. As of the filing of this petition and application for temporary and permanent injunction, the

subject property is still in the possession and under the control of  Chattanooga Police Department, Coty Wamp and the  Hamilton County's District Attorney's Office, and Judge Barry Steelman, Presiding Judge of the Criminal Court of Hamilton County, Tennessee, Division 1.

10. As of the filing of this lawsuit, no criminal charges have been filed against me and any previous charges in connection with the subject property have been dismissed.

11. As of the filing of this lawsuit, no civil forfeiture has been filed against any of the subject property.

12. As of the filing of this lawsuit, no actions have been taken by the Defendants and/or their agents or employers to legally entitle them to deprive me of my $199,000, my 2011 Lexus or my 1970 Buick Electra Convertible they were ordered to return to me on February 3, 2022.

13. I am seeking a Temporary Injunction and a Permanent Injunction to enjoin and restrain Chattanooga Police Department, Coty Wamp and the  Hamilton County's District Attorney's Office, their servants, employees, representatives,  or attorneys  from the following :

   a. Spending, wasting, destroying or transferring ownership or possession  of the cash in the amount of $199,000.00, my 2011 Lexus, my 1970 Buick Electra Convertible to a third party;

   b. Removing or transporting the subject property from Tennessee except for the sole purpose of returning the property to me or my attorney;

14. I am also seeking that the Court order Chattanooga Police Department, Coty Wamp and the  Hamilton  County's District Attorney's Office, to return the $199,000.00, the 2011 Lexus and 1970 Buick Electra Convertible to me until this matter is fully litigated.

15. I believe the money and vehicles will be spent, wasted, lost or transferred by the Chattanooga Police Department, Coty Wamp and the Hamilton County's District Attorney's Office, and/or their employers if the aforementioned requests are not granted as Chattanooga Police Department, Coty Wamp and the  Hamilton  County's District Attorney's Office,  have ignored all of my lawyer's communications pertaining to the return and whereabouts of the subject property which is lawfully my money.

16. Further, I am concerned the Chattanooga Police Department, Coty Wamp and the  Hamilton County's District Attorney's Office,  will cause irreparable harm in that they will spend the $199,000 and does not have means to replace the $199,000 or 2 vehicles in the event that the Court rules in my favor.

17. The factual allegations stated therein are within my personal knowledge and are true and correct."

_Daniel Bryant_
Daniel Bryant

SWORN AND SUBSCRIBED TO BEFORE ME, on the _2rd_ day of August 2023.

TAMIKA M. BOWENS
Notary Public, State of Texas
Comm. Expires 03-25-2027
Notary ID 131944878

_____ Notary
Public in and for the State of Texas

**EXHIBIT
A**

**IN THE CRIMINAL COURT OF HAMILTON COUNTY, TENNESSEE**

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | DIVISION I |
| v. | ) | |
| | ) | NOs. 311428 |
| DANIEL BRYANT, | ) | |
| Defendant. | ) | |

**AGREED ORDER TO RELEASE PROPERTY TO DEFENDANT**

This matter came before the Court on February 3, 2022 whereupon it was dismissed on motion of the State due to lack of evidence. Defendant requested the release of evidence seized in connection with this matter, specifically to wit: 1) the one hundred ninety-nine thousand U.S. dollars ($199,000.00) monetary evidence seized by the U.S. Marshals in connection with the associated federal case and subsequently transferred to the possession of the Chattanooga Police Department in Complaint Number 19-031687 by order of the Hamilton County General Sessions Court on March 18, 2020; 2) the 2011 Lexus GS350 AWD belong to Daniel Bryant and seized in connection with this matter; the 1970 Buick Electra Convertible belonging to Daniel Bryant and seized in connection with this matter. The State had no objection to the return of these items and agreed to their release.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED that the Chattanooga Police Department shall release to Mr. Bryant the monetary evidence transferred to the possession of the Chattanooga Police Department by order of Hamilton County Sessions Court on March 18, 2020; the 2011 Lexus GS350 AWD seized in connection with this case; and the 1970 Buick Electra Convertible seized in connection with this case. If any of these items no longer remain in the possession of the Chattanooga Police Department, an accounting of how these items were disposed

1

of shall be provided to the Defendant or Defendant's counsel undersigned below no later than March 1, 2022.

Enter this ____3____ day of ____Feb_____, 2022.

_____
Judge Barry Steelman
Hamilton County Criminal Court, Division I

APPROVED FOR ENTRY BY:

_____
Asst. District Attorney Lee Ortwein
*Counsel for the State*
600 Market Street, Ste. 310
Chattanooga, TN 37402

_____
Asst. Public Defender Jonathan S. Wilson
*Counsel for Defendant*
720 Cherry Street
Chattanooga, TN 37402

2

**EXHIBIT
B**



**Scott H. Palmer, P.C.**
**Attorney & Counselor at Law**

214.987.4100
Fax 214.922.9900
1.888.499.9595

April 4, 2023

**VIA U.S. Mail**

Coty Wamp
District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

> **Re:**     ***Cause No. 311428; The State of Tennessee v. Daniel Bryant; In the Criminal Court of Hamilton County, Tennessee, Division 1***

Greetings:

This letter is to advise you that our law firm represents Daniel Bryant regarding the $199,000.00 monetary evidence seized pertaining to the above referenced matter.

Please contact me at your earliest convenience to discuss.  I can be reached at (214) 987-4100.  Thank you and I look forward to hearing from you.

Very truly yours,

Paul Green

Paul Green



# Scott H. Palmer, P.C.
## Attorney & Counselor at Law

214.987.4100
Fax 214.922.9900
1.888.499.9595

April 13, 2023

**VIA CMRRR: 7022 3330 0000 8620 0059**

Chattanooga Police Department
3410 Amnicola Hwy.
Chattanooga, TN  37406

   Re:  Our Client:     Daniel Bryant

      No. 311428; State of Tennessee vs. Daniel Bryant; In the Criminal Court of
      Hamilton County, Tennessee, Division 1

Greetings:

   Please be advised that this firm represents Mr. Daniel Bryant in reference to the attached conformed Agreed Order to Release Property to Defendant.

   On or about February 3, 2022, Judge Barry Steelman ordered the Chattanooga Policy Department to release evidence transferred to the possession of the Chattanooga Policy Department which included $199,000.00 in monetary evidence, the 2011 Lexus GS350 A WD belonging to Daniel Bryant and the 1970 Buick Electra Convertible belonging to Daniel Bryant.   These items have not been received by our client pursuant to this Order.

   Demand is hereby made for the return of the above referenced items as ordered by the Court.

   If you are no longer in possession of the items ordered for return, please provide a detailed accounting of how these items were deposed of immediately.

Very truly yours,

Paul Green

PG/hst
Enclosure



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5426 9189 8832 34

**United States
Postal Service**

APR 2 1 2023

• Sender: Please print your name, address, and ZIP+4® in this box•

SCOTT H. PALMER, P.C.
Attorneys & Counselors at Law
15455 Dallas Parkway, Suite 540
Addison, Texas 75001

Bryant, Daniel (HT)

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature

X *Karl*  ☐ Agent
          ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

*Karll*                            *04/12*

1. Article Addressed to:

Chattanooga P.D.
3110 Amnicola Hwy.
Chattanooga, TN 37406

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 5426 9189 8832 34

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ estricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number *(Transfer from service label)*

7022 3330 0000 8620 0059

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

**EXHIBIT
C**

## IN THE CRIMINAL COURT FOR HAMILTON COUNTY, STATE OF TENNESSEE

Case Number: **311428**   Count #:1

Judicial District: 11th   Judical Division:   1

Counsel for the State:   ORTWEIN, FREDERICK LEE

Counsel for the Defendant:   WILSON, JONATHAN (P.D.)

Co-Counsel for the Defendant: _____

**State of Tennessee**

☐ Retained  ☑ Pub Def Appt  ☐ Private Atty Appt

**vs**

☐ Counsel Waived  ☐ Pro Se

**Defendant: BRYANT, DANIEL CLAYTON**

Alias:  BRYANT, DANIEL CLAYTON   Date of Birth: 9/12/1976   Sex: M

Race:  B   SSN:  436492850   Driver License #:

Issuing State:

State ID #:   County Offender ID #(if applicable):

TOMIS/TDOC #:

Relationship to Victim:   Victim's Age:

State Control #:  330002585373   Arrest Date: 3/9/2020

Indictment Filing Date:   5/19/2021

**JUDGMENT**   ☑ Original   ☐ Amended   ☐ Corrected

**Come the parties for entry of judgment.**

On the __3__ day of __Feb__, 20 __22__, the defendant:

| | |
|---|---|
| ☐ Pled Guilty | **Indictment: Class** (circle one) 1st **A** B C D E  ☐ Felony  ☐ Misdemeanor |
| ☐ Pled Nolo Contendere | Indicted Offense Name:  AGGRAVATED KIDNAPPING |
| ☐ Pled Guilty – Certified Question Findings Incorporated by Reference | Indicted Offense TCA §: 39130304 |
| ☑ Dismissed | Amended Offense Name: |
| ☐ Nolle Prosequi with costs | Amended Offense TCA§: |
| ☐ Nolle Prosequi without costs | Offense Date: 4/4/2019   County of Offense: Hamilton |
| Is Found:  ☐ Guilty  ☐ Not Guilty | Convicted Offense Name: |
| ☐ Jury Verdict  ☐ Not Guilty by Reason of Insanity | Convicted Offense TCA: |
| ☐ Bench Trial  Merged with Count:_____ | **Conviction: Class** (circle one) 1st **A** B C D E  ☐ Felony  ☐ Misdemeanor |
| | Sentence Imposed Date: |

After considering the evidence, the entire record, and in the case of sentencing, all factors in Tennessee Code Annotated Title 40, Chapter 35, all of which are incorporated by reference herein, it is ORDERED and ADJUDGED that the conviction described above is imposed hereby and that a sentence and costs are imposed as follows:

| Offender Status (Check One) | Release Eligibility for Felony Offense (Check One) | | 1st Degree Murder |
|---|---|---|---|
| ☐ Mitigated | ☐ Mitigated 20% | ☐ §40-35-501(i) 100% | ☐ Agg Rob 85% | ☐ Agg Child Neg/En 70% | ☐ Pre 1989 |
| ☐ Standard | ☐ Mitigated 30% | ☐ Multiple Rapist 100% | ☐ Agg Rob w/Prior 100% | ☐ Agg Child Neg/En 85% | ☐ Reform Act 1989 |
| ☐ Multiple | ☐ Standard 30% | ☐ Child Rapist 100% | ☐ §39-17-1324(a), (b) 100% | ☐ Agg Vehicular Homicide 60% | ☐ Drug Free Zone |
| ☐ Persistent | ☐ Multiple 35% | ☐ Agg Rapist 100% | ☐ Mult §39-17-1324(i) 100% | ☐ Carjacking 75% | ☐ Gang Related |
| ☐ Career | ☐ Persistent 45% | ☐ Child Predator 100% | ☐ Agg Assault w/Death 75% | ☐ §40-35-501 (u) 85% | ☐ Repeat Violent Off |
| | ☐ Career 60% | ☐ §39-13-518 100% | ☐ Att 1st Degree Murder w/SBI 85% | | |

| **Concurrent With:** | Pretrial Jail Credit Period(s): | |
|---|---|---|
| | From _____ To _____ | From _____ To _____ |
| | From _____ To _____ | From _____ To _____ |
| **Consecutive To:** | From _____ To _____ | From _____ To _____ |
| | It is not the intent of the court for duplication of Jail Credit to be applied to consecutive sentences. | |

**Sentenced To:** ☐ TDOC  ☐ County Jail  ☐ Workhouse

**Sentenced Length:** _____ Years _____ Months _____ Days _____ Hours  ☐ Life  ☐ Life w/out Parole  ☐ Death

Mandatory Minimum Sentence Length: _____ §39-17-417, 39-13-513, 39-13-514, or 39-17-432 in Prohibited Zone

_____ § 55-10-401 DUI 4th Offense

_____ § 39-17-1324 Possession/Employment of Firearm

_____ §§ 40-39-208, -211 Violation of Sex Offender Registry

_____ Meth §§ (39-17-434, -417, -418)

Period of incarceration to be served prior to release on probation or Community Corrections: _____ Months _____ Days _____ Hours

Minimum service prior to eligibility for work release, furlough, trusty status and rehabilitative programs: _____% (Misdemeanor or Split Confinement Only)

**Alternative Sentence:** ☐ Sup Prob  ☐ Unsup Prob  ☐ Comm Corr  ☐ Prob Sup By Comm. Corr (CHECK ONE BOX)

_____ Years _____ Months _____ Days   Effective: _____

WAS DRUG/RECOVERY COURT ORDERED AS A CONDITION OF THE ALTERNATIVE _____  ☐ Yes  ☐ No

**STEELMAN, BARRY A.**

Judge's Name _____   _____ Judge's Signature

## IN THE CRIMINAL COURT FOR HAMILTON COUNTY, STATE OF TENNESSEE

Case Number: **311428**     Count #:1

Judicial District: 11th     Judical Division:    1

**State of Tennessee**

**vs**

**Defendant:    BRYANT, DANIEL CLAYTON**          Alias: BRYANT, DANIEL CLAYTON     Date of Birth:  9/12/1976     Sex:  M

Race:  B     SSN:  436492850

### CONTINUATION OF JUDGMENT          ☑ Original          ☐ Amended          ☐ Corrected

| Court Ordered Fees and Fines:: | Costs to be Paid by: |
|---|---|
| $ _____ Court Costs | ☐ Defendant ☐ State |
| $ _____ Fine Assessed | |
| $ _____ Traumatic Brain Injury Fund(68-55-301 et seq.) | |
| $ _____ Drug Testing Fund (TN Drug Control Act) | |
| $ _____ CICF | |
| $ _____ Sex Offender Tax | |
| $ _____ Other: _____ | |

**Restitution:** Victim Name:

Address:

Total Amount: $ _____ Per Month $ _____

☐ Unpaid Community Service:

_____ Hours ____Days ___Weeks ___ Months

☐ The Defendant having been found guilty is rendered infamous and is ordered to provide a biological specimen for the purpose of DNA analysis.

☐ Pursuant to 39-13-521, the Defendant is ordered to provide a biological specimen for the purpose of HIV testing.

☐ Pursuant to 39-13-524 or 39-13-518, the Defendant is sentenced to community supervision for life following sentence expiration.

☐ Pursuant to Title 68, Chapter 11, Part 10, 71-6-117, or 71-6-119, the clerk shall forward this judgment to the Department of Health.

**Special Conditions**

STEELMAN, BARRY A.

_____          _____          2/3/22

Judge's Name          Judge's Signature          Date of Entry of Judgment

_____

Counsel for the State Signature (optional)          _____

Defendant/Defendant's Counsel/Signature (optional)

I _____ , clerk, hereby certify that, before entry by the court, a copy of this judgment was made available to the party or parties who did not provide a signature above.

CR-3419 (Rev. 02-19)          Page 2 of 2          RDA 1167

## Order For The Expungement of Criminal Offender Record

State of Tennessee vs.  BRYANT, DANIEL CLAYTON                    Circuit Docket Number: 311428

Date Original Case Was Filed in Clerk's Office:  5/19/2021          General Sessions Docket Number(s):  1756173

## The Criminal Court of Hamilton County, Tennessee at Chattanooga

On the motion or petition of  **Defendant**

Defendant/Arrest Information:

| BRYANT, DANIEL CLAYTON | B | M | 9/12/1976 | 436492850 |
|---|---|---|---|---|
| Defendant (name used at time of arrest) | Race | Sex | Date of Birth | SSN # |

Arresting Agency  Hamilton County                                          3/9/2020 2:58:00 AM

                                                        OCA #                      Date of Arrest

AGGRAVATED KIDNAPPING          Counts   1   Thru   1     TCA  39130304       TIBRS   13A

Disposition Information

AGGRAVATED KIDNAPPING          Counts   1   Thru   1     Dismissed on Motion of State

Final Disposition   **Dismissed on Motion Of State**

Diversion Date (if applicable): _____

The defendant named above is entitled to have all public records relating to the offenses listed above expunged according to the
Tennessee Code Annotated provision marked below

| Provision Relating to Adults | Provision Relating to Juveniles |
|---|---|
| (X) Charge has been dismissed (TCA 40-12-101) | (__) Petition alleging delinquency not filed (TCA 37-1-155) |
| (__) No True Bill returned by Grand Jury (TCA 40-32-101) | (__) Proceedings dismissed after petition is filed or the case transferred |
| (__) Verdict of Not Guilty returned by Jury (TCA 40-32-101) | to Juvenile Court as provided in TCA 37-1-109, TCA 38-1-156 |
| (__) Conviction which has by Appeal been reversed (TCA 40-32-101) | (__) Adjudicated not to be a delinquent child (TCA 37-1-155) |
| (__) Nolo Prosequi entered in case (TCA 40-32-101) | (__) Child has reached eighteen (18) years of age and there is no |
| (__) Successful completion of all probation provisions and proceedings | record that he committed a criminal offense after reaching sixteen |
| against defendant have been discharged by the Court (TCA 40-35-313) | (16) years of age, unless such fingerprints were obtained on |
| (__) Suspension of prosecution pursuant to TCA 40-15-105 | allowed charge which if committed by an adult would be a felony |
| | (TCA 37-1-155) |
| | (__) Passage of six (6) months from date of liquor law violations |
| | defined by TCA 57-3-412 (A) (3) (C) or TCA 57-5-301 (E) (3) |

It is ordered that all public records relating to such offense above referenced be expunged and immediately destroyed upon payment of all costs
to Clerk and that no evidence of such records pertaining to such offense be retained by any municipal, county, or state agency, except non-public
confidential retained in accordance with TCA 10-7-504 or TCA 38-6-118

Approved For Entry

**Defendant** _____                          Entered This  9  Day of  August  2022

Defendant/Attorney for Defendant

_____                                          _____

District Attorney General                                    Judge

[seal: CRIMINAL COURT HAMILTON COUNTY TENNESSEE — AGRICULTURE COMMERCE]

FILED
8/3/2023 5:43 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-23-04983-E

**Case No. _____**

|  |  |  |
|---|---|---|
| | **:** | **In the County Court at Law** |
| **DANIEL BRYANT** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **No. _____** |
| | **:** | |
| **Chattanooga Police Department,** | | |
| **Coty Wamp, and  Hamilton County District** | | |
| **Attorney's Office** | **:** | |
| | **:** | |
| **Defendants** | **:** | **Dallas County, Texas** |

## TEMPORARY  RESTRAINING  ORDER

On _____, 2023, the Application for Temporary Restraining Order and Temporary Injunction of DANIEL BRYANT, was heard before this court.

Based upon the pleadings, records, documents filed by counsel and the arguments of the counsel at the hearing, it clearly appears:

**a.**     That unless Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, their agents, servants, employees,  representatives,  or attorneys  are immediately restrained from

        i.     Spending, wasting, destroying or transferring ownership or possession  of the cash in the amount of $199,000.00, the 2011 Lexus and the 1970 Buick Electra Convertible  which is subject to the February 3, 2022 Order issued by Judge Barry Steelman to a third party;

        ii.     Removing or transporting the cash in the amount of $199,000.00, the 2011 Lexus and the 1970 Buick Electra Convertible from Tennessee except for

1

the sole purpose of returning the property to Plaintiff's undersigned counsel;

iii. Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to return the cash in the amount of $199,000.00, 2011 Lexus, 1970 Buick Electra Convertible to Plaintiff Daniel Bryant until this matter is fully litigated;

iv. Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to inform Plaintiff of the current location of cash and vehicles and update Plaintiff at least twenty four (24) hours before transporting the cash and vehicles to another location.

**b.** Plaintiff Daniel Bryant will suffer irreparable harm if Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office are not immediately restrained because once Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, loses, sells, wastes, transfers, or destroys the $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible (hereinafter, "Property"), the Plaintiff will be permanently deprived of $199,000.00, 2011 Lexus and 1970 Buick Electra Convertible (hereinafter, "Property") which he rightfully owns.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office and their agents, servants, employees, representatives, or attorneys are immediately restrained from:

i. Spending, wasting, destroying or transferring ownership or possession of the cash in the amount of $199,000.00, the 2011 Lexus and the 1970 Buick

2

Electra Convertible which is subject to the February 3, 2022 Order issued by Judge Barry Steelman to a third party;

ii.   Removing or transporting subject property from Tennessee except for the sole purpose of returning the cash in the amount of $199,000.00, the 2011 Lexus and the 1970 Buick Electra Convertible to Plaintiff's undersigned counsel;

iii.   Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to return the cash in the amount of $199,000.00, 2011 Lexus, 1970 Buick Electra Convertible to Plaintiff Daniel Bryant until this matter is fully litigated;

iv.   Order Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office, to inform Plaintiff of the current location of cash and vehicles and update Plaintiff at least twenty four (24) hours before transporting the cash and vehicles to another location.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Application for Temporary Restraining Order and Temporary Injunction be heard on _____, 2023 at _____  __M in the County Court No. _____, George Allen County Courthouse, 600 Commerce Street, Dallas, Texas. Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office are commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against said Defendants Chattanooga Police Department, Coty Wamp, and the Hamilton County's District Attorney's Office.

3

The clerk of the above-entitled court shall issue a temporary restraining order in conformity with the law and the terms of this order.

SIGNED and ENTERED on _____ 2023.


_____
PRESIDING JUDGE